UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ALBERT M. MARK,                         )
                                        )
                    Plaintiff,          )   No. C08-0001RSL
                                        )
         v.                             )   ORDER GRANTING DEFENDANTS'
                                        )   MOTION FOR SUMMARY
HOPE BAUER, *et al.*,                   )   JUDGMENT
                    Defendants.         )
_____)

      This matter comes before the Court on "Defendants' Motion for Summary Judgment" (Dkt. # 18) and "Plaintiff's Motion for Summary Judgment" (Dkt. # 31). Plaintiff claims that defendants violated his due process and equal protection rights by presenting fabricated evidence and perjured testimony, thereby depriving him of his right to a fair and impartial trial. Because there is no direct cause of action under the constitution, a litigant complaining of a constitutional violation must prove his claims under 42 U.S.C. § 1983. Azul-Pacifico, Inc. v. Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993); Haygood v. Younger, 769 F.2d 1350, 1353-54 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

      Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion"

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

(Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

      Having reviewed the memoranda submitted by the parties and the remainder of the record, the Court finds that plaintiff's claims are barred by the statute of limitations. "In determining the proper statute of limitations for actions brought under 42 U.S.C. § 1983, we look to the statute of limitations for personal injury actions in the forum state." Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). The limitations period for personal injury claims in Washington is three years. RCW 4.16.080(2); see also Gausvik v. Perez, 392 F.3d 1006, 1009 (9th Cir. 2004). Under any theory of plaintiff's claims, he knew or had reason to know of his alleged injuries more than three years before filing this action. The latest date mentioned anywhere in the record is October 21, 2004, the date on which Officer Bauer allegedly submitted a declaration in King County Superior Court regarding the March 14, 2001, events. Assuming for purposes of this motion that recounting a past statement could give rise to a new claim of perjury, this action, which was filed on December 3, 2007, is time barred.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT      -2-

For all of the foregoing reasons, defendants' motion for summary judgment is GRANTED and plaintiff's motion for summary judgment is DENIED.

Dated this 17th day of March, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT        -3-